IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    CRIMINAL NO. 03-1471 RB

VICTOR MONTELONGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Judgment of Acquittal (Doc. No. 97), filed on February 27, 2004. Having reviewed the submissions of the parties and the relevant law, the Court finds that the motion is not well-taken and should be denied.

**I. Background**

Defendant Victor Montelongo (hereinafter "Mr. Montelongo") was indicted for (1) Conspiracy to Possess with Intent to Distribute 50 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 21 U.S.C. § 846, and (2) Possession with Intent to Distribute 50 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1))C) and 18 U.S.C. § 2. (Doc. No. 34) On February 20, 2004, the jury returned a guilty verdict as to the charge of possession with intent to distribute 50 kilograms and more of marijuana, but found Mr. Montelongo not guilty of the conspiracy charge. (Doc. No. 92) Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, Mr. Montelongo seeks a judgment of acquittal.

**II. Standard of Review**

In considering a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, the Court must "view the evidence, both direct and circumstantial, in the

light most favorable to the government, and without weighing conflicting evidence or considering the credibility of witnesses, determine whether that evidence, if believed, would establish each element of the crime." *United States v. Johnson*, 12 F.3d 1540, 1545 (10th Cir. 1993) (citing *United States v. White*, 673 F.2d 299, 301-302 (10th Cir. 1982)). A district court must give the benefit of the doubt to the Government, "and assume the jury found its evidence, both direct and circumstantial, to be credible." *United States v. Chavez-Palacios*, 30 F.3d 1290, 1294 (10th Cir. 1994). "The jury, as fact finder, has discretion to resolve all conflicting testimony, weigh the evidence, and draw inferences from the basic facts to the ultimate facts." *United States v. Valadez-Gallegos*, 162 F.3d 1256, 1262 (10th Cir. 1998). However, "the evidence supporting the conviction must be substantial and do more than raise a suspicion of guilt," and a district court "may not uphold a conviction by piling inference upon inference." *Id.*

## III. Discussion

Mr. Montelongo contends judgment of acquittal is appropriate for the following reasons: (1) the jury reached a compromise verdict; and (2) the guilty verdict was against the weight of the evidence.

With respect to the first contention, Mr. Montelongo argues the jury reached a compromise verdict by finding him guilty of possession with intent to distribute marijuana, but not guilty of the conspiracy charge. Def.'s Mot. for J. of Acquittal; Doc. No. 97 at 3. Mr. Montelongo contends the charge of possession with intent to distribute marijuana was inextricably connected with the conspiracy charge. *Id.* Mr. Montelongo's argument assumes that a finding of not guilty on the conspiracy charge compelled a finding of not guilty as to the possession with intent to distribute marijuana charge. However, the elements of the offenses are not identical. *See* Court's Jury Instructions, No. 18 and No. 22; Doc. No. 90. The jury may

have concluded that the Government failed to prove an element of the conspiracy charge, but proved all the elements of the charge of possession with intent to distribute marijuana beyond a reasonable doubt.

Even assuming, arguendo, that Mr. Montelongo's claim is meritorious, "a guilty verdict is not reviewable simply because it is inconsistent with another verdict in a multiple count indictment." *United States v. Vaccaro*, 946 F.2d 902, 1991 WL 204945, * 2 (10th Cir. 1991) (unpublished disposition) (citing *United States v. Powell*, 469 U.S. 57 (1984)). In *United States v. Powell*, the Supreme Court held that a lower court should not vacate a defendant's conviction merely because the verdicts are not rationally reconcilable. *Powell*, 469 U.S. at 69. The *Powell* court reasoned that, if a defendant receives the benefit of acquittal on the counts on which he was acquitted, then it is logical to require him "to accept the burden of conviction on the counts on which the jury convicted." *Id.* "[T]he possibility that the inconsistent verdict may favor the criminal defendant as well as the Government militates against review of such convictions at the defendant's behest." *Id.* at 65. Accordingly, the Court will focus its inquiry on whether the Government presented sufficient evidence allowing the jury to find Mr. Montelongo guilty of possession with intent to distribute marijuana.

Title 21, United States Code, Section 841(a), makes it a crime for anyone knowingly or intentionally to possess a controlled substance with the intent to distribute it. At trial, the Government was required to prove that Mr. Montelongo possessed a controlled substance which was, in fact, marijuana; and that Mr. Montelongo possessed at least 50 kilograms of the controlled substance with the intent to distribute it. *See* Court's Jury Instructions, No. 18. (Doc. No. 90) The central issue presented at trial was whether Mr. Montelongo had knowing possession. Gov.'s Stipulated Ex. 2. Knowing possession is an act done voluntarily and

3

intentionally not because of mistake or accident. *See United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 (10th Cir. 2000). While knowledge on the part of Mr. Montelongo cannot be established merely by demonstrating that he was negligent, careless, or foolish, knowledge can be inferred if he deliberately blinded himself to the existence of a fact. *See id.*

Construing the evidence in the light most favorable to the Government, the Court finds the Government presented sufficient evidence to allow the jury to conclude that Mr. Montelongo knowingly possessed with intent to distribute 50 kilograms or more of marijuana. Testifying at trial, Border Patrol Agent Yvette Haran explained how Mr. Montelongo was initially apprehended. Agent Haran testified that, on April 30, 2003, Mr. Montelongo, along with driver and Co-Defendant, Ronald McCalvin (hereinafter "Mr. McCalvin"), entered the United States Border Patrol checkpoint, located on Highway 54 in Otero County, New Mexico. Gov.'s Resp. to Def. Montelongo's Mot. for J. of Acquittal; Doc. No. 99 at 1-2. According to Agent Haran, Mr. McCalvin drove into the checkpoint. *Id.* When Agent Haran encountered the tractor trailer, she stepped up on the running board and inquired as to Mr. McCalvin's citizenship status. *Id.* Agent Haran also asked Mr. Montelongo, who was located in the sleeper compartment, about his citizenship status. *Id.*

During Agent Haran's initial conversation with Mr. McCalvin, she smelled a strong odor of a citrus type air freshener emanate from the sleeper portion of the tractor trailer. *Id.* Agent Haran observed Mr. McCalvin behave abnormally and avoid making eye contact. *Id.* To quell her suspicion, Agent Haran asked for and received the bill of lading. *Id.* Agent Haran informed Mr. McCalvin that she was going to inspect the seal on the trailer to make sure the seal and the bill of lading matched. *Id.* Agent Haran noticed that the seal and the numbers on the paperwork did not match. *Id.* at 3. Suspecting Mr. McCalvin and Mr. Montelongo to be transporting

contraband, Agent Haran asked and received permission to conduct a canine search of the tractor trailer. *Id.* Agent Haran then referred the tractor trailer to the secondary inspection area. *Id.* Once the tractor was parked at the secondary inspection station, Agent Haran had to ask Mr. McCalvin and Mr. Montelongo numerous times to exit the tractor trailer. *Id.*

Agent Haran's suspicions bore fruit when, after the canine conducted the search, it alerted to an area near the passenger side door of the tractor trailer. *Id.* at 4. The jury heard testimony that approximately 93 kilograms of marijuana were uncovered beneath the sleeper compartment area of the tractor trailer, the area occupied by Mr. Montelongo when the tractor trailer was encountered at the Border Patrol checkpoint. *Id.* Mr. McCalvin and Mr. Montelongo were subsequently arrested and charged with conspiracy and possession with the intent to distribute 50 kilograms and more of marijuana. *Id.* at 5.

The jury also could have inferred that Mr. Montelongo's defense of lack of knowledge was inconsistent with the evidence adduced at trial. Mr. Montelongo testified that he picked up the tractor from the owner and drove to Mr. McCalvin's house. *Id.* at 8. Mr. Montelongo also testified that, after he picked up Mr. McCalvin, they drove to the Mountain Star Transportation yard to pick up the trailer. *Id.* Mr. Montelongo asked Mr. McCalvin to drive the truck shortly before the truck entered the Highway 54 checkpoint. *Id.*

Furthermore, Mr. McCalvin's testimony corroborated certain aspects of Mr. Montelongo's testimony. Mr. McCalvin also testified that Mr. Montelongo was the driver when they pulled out of the Mountain Star Transportation yard. *Id.* at 8. Mr. McCalvin testified that, after leaving the Mountain Star Transportation yard and before arriving at the Border Patrol checkpoint, Mr. Montelongo pulled over and asked him to switch places from the driver to

passenger side of the tractor trailer. *Id.* Mr. McCalvin testified that, during their initial detention, Mr. Montelongo motioned to him to remain quiet. *Id.*

The jury also heard testimony from Doña Ana County Detention Center (DACDC) Officer Javier Ontiveros regarding Mr. Montelongo's inculpatory statements. *Id.* at 6. Officer Ontiveros testified that, during the booking process, Mr. Montelongo remarked he had just picked up Mr. McCalvin and, shortly before the Border Patrol checkpoint, he had switched places with Mr. McCalvin from the driver to passenger side of the tractor. *Id.* at 6. Officer Ontiveros further testified that Mr. Montelongo told him that Mr. McCalvin did not have any knowledge of the concealed marijuana. *Id.* Additionally, Officer Ontiveros testified that he believed Mr. Montelongo's statements peculiar because he was not professing his innocence, but rather the innocence of another person. *Id.* at 7. From Officer Ontiveros' testimony, the jury could have inferred (1) Mr. Montelongo's statements were factually accurate and (2) Mr. Montelongo was attempting to accept responsibility for his alleged criminal conduct.

Finally, the jury could have found Mr. Montelongo's testimony untrustworthy. Mr. Montelongo admitted to having a prior conviction for Robbery and Unlawful Use of a Weapon. *Id.* Further, Mr. Montelongo's testimony directly contradicted Officer Ontiveros' testimony. Officer Ontiveros testified that Mr. Montelongo claimed he had just picked up Mr. McCalvin. *Id.* at 6. Yet, Mr. Montelongo testified that he and Mr. McCalvin went to the Mountain Star Transportation yard to retrieve the trailer. *Id.* at 8. Moreover, Mr. Montelongo's version of the facts oscillated when he was questioned about Officer Ontiveros' testimony. *Id.* at 9. Mr. Montelongo changed his response from "I didn't say that" during his direct examination to "I am not saying Ontiveros is wrong," "why would I say that," and "I don't recall saying that" during his cross-examination. *Id.* In that credibility choices are always resolved in favor of the jury's verdict, the Court finds Officer Ontiveros' testimony more credible than that of Mr. Montelongo.

6

## IV. Conclusion

Mr. Montelongo's motion for judgment of acquittal should be denied. The Court finds the evidence adduced at trial by the Government provided the jury an adequate factual basis to conclude that Mr. Montelongo knowingly possessed with intent to distribute 50 kilograms or more of marijuana.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal (Doc. No. 97), filed on February 27, 2004, is hereby **DENIED.**

**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**

7